UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ANTHONY BRIAN MALLGREN,

                Plaintiff,

     v.

NEW YORK CITY,

                Defendants.

----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 04 2013 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**
13-CV-0724 (MKB)

MARGO K. BRODIE, United States District Judge:

On February 4, 2013, Plaintiff Anthony Brian Mallgren filed the above-captioned *pro se* action against defendant City of New York for claims arising out of his interactions with New York City police officers and the New York City Department of Homeless Services. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, Plaintiff's claims against the City of New York regarding alleged mistreatment by the New York City Department of Homeless Services ("DHS") and any false arrest claim against the City of New York are dismissed. Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint as to his false arrest claims against the individuals he alleges violated his rights.

**I.    Background**

According to the Complaint, Plaintiff moved to New York City in June 2012. Plaintiff alleges that a series of interactions with New York City police officers led to his admission to local hospitals for psychiatric treatment on two unspecified dates. (Complaint, Statement of Claim ¶¶ 4-5.) In another incident, Plaintiff himself sought admission to "New York Downtown

Hospital." (*Id.* ¶ 3.) Plaintiff alleges that after one admission to Beth Israel Medical Center, medical staff sought a court order to extend treatment beyond the initial 15-day period. (*Id.* ¶ 5.) He alleges that Dr. Dennis Lin testified that "Mallgren had been brought to the hospital as an alternative to arrest." (*Id.*) Plaintiff states "[t]he order was granted," and he was "forced to take prescription medications." (*Id.*) He also claims that NYC and New York State Supreme Court have violated his due process rights and his right to a speedy and public trial by denying his application for "Emergency Ex Parte" status, "letting theft go without remedy, " and "sending Mallgren to a psychiatrist unit 'in alternative to arrest.'" (*Id.* ¶ 9.)

In a second series of allegations, Plaintiff references a civil action that he filed in the New York Supreme Court, Kings County, Index Number 23464-2012, against DHS and America Works. (Docket No. 1 p. 5–7 ("Dec. 11, 2012 Supreme Court Complaint").) Several documents from Index Number 23464-2012 are attached to the Complaint, which "seeks to have the underlying case removed from state court[] to a Federal Jurisdiction." (Complaint, Relief, ¶ 3.) Both this federal case and the documents from the state case allege fraudulent misrepresentation and negligence. (Complaint, Relief, ¶ 1; Dec. 11, 2012 Supreme Court Complaint at 2.) The federal action includes additional state law causes of action, such as breach of contract, false arrest, fraud, and perjury. (Complaint, Relief, ¶ 1.)

In the Complaint before this Court, Plaintiff alleges that DHS officials failed to provide him with funds for transportation to attend a February 4, 2013 appointment with America Works, an employment agency to which he was referred and required to report. (Complaint, Statement of Claim, ¶ 8.) Plaintiff claims that as a result of his inability to attend the appointment, his health has suffered and he is in danger of losing his public assistance. (Complaint, Statement of Claim, ¶ 8.) The documents from Index Number 23464-2012, which are attached to the

Complaint, allege similar claims against DHS and America Works. In addition to the state court forms, Plaintiff also attaches additional documents describing medium-chain acyl-CoA dehydrogenase ("MCAD") deficiency, a medical condition he claims to suffer from; DHS policies and notices; and email correspondence about his job search.

The Complaint also raises "concerns of equal protection of state laws, with regard to investigation and remedy of theft." (*Id.* ¶ 10.) No specific allegation of theft is included. However, the attached documents from Plaintiff's state filings allege theft of a laptop and other property from the homeless shelter and the failure of officials to "take proper action." (*See* Docket No. 1 pp. 11–12 ("Feb. 4, 2013 Proposed Order to Show Cause").) Plaintiff requests unspecified money damages and unspecified injunctive relief. (Complaint, Relief, ¶¶1–2.) The attached state court documents seek money damages for lost property and lost opportunities and injunctive relief, including provision of laundry and other services, and enforcement of shelter rules regarding smoking and other issues. (Dec. 11, 2012 Supreme Court Complaint at 2–3; Feb. 4, 2013 Proposed Order to Show Cause at 1.)

After filing the Complaint, Plaintiff requested access to the Electronic Case Filing (ECF) system (Docket No. 3) and filed a series of motions requesting various forms of specified relief. Plaintiff demands that he be granted a "three judge hearing" (Feb. 21, 2013 Motion, Docket No. 6), that he not be assigned to particular work programs (Feb. 21, 2013 Motion, Docket No. 8), that he not be taken into custody (Feb. 22, 2013 Motion, Docket No. 5), that the City of New York "cease and desist . . . hinting that Mallgren is some sort of terrorist" (Feb. 21, 2013 Motion, Docket No. 9), that the City of New York make certain disclosures (Feb. 21, 2013 Motion, Docket No. 10), and that he be given immediate funds to replace lost property, "for obtaining a

reasonable residence" (Feb. 25, 2013 Motion, Docket Nos. 16 & 17), and for lost wages (Feb. 21, 2013 Motion, Docket No. 7).[1]

## II. Discussion

### a. Standard of Review

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* Complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (internal citations omitted)); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008) (When "[a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally." (alteration in original)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Ashmore v. Prus*, No. 12 Civ. 2760, 2013 WL 362998, at *2 (2d Cir. Jan. 31, 2013) (summary order) ("District courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend."). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the Complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009)). The Complaint must plead

---

[1] On February 21, 2013, Plaintiff filed a motion for summary judgment requesting that the Court grant him lost wages. (Docket No. 7.) Plaintiff then sought to amend his motion to clarify that he sought partial summary judgment and to add additional exhibits. (Feb. 21, 2013 Motion to Amend Motion/Order, Docket No. 14.) Plaintiff filed his amended motion as a separation motion for partial summary judgment. (Docket. Nos. 12 & 13).

4

sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted); *see also Collins v. Goord*, 581 F. Supp. 2d 563 (S.D.N.Y. 2008) (quoting *Livingston*, 141 F.3d at 577).

A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999) (inquiring into whether *pro se* plaintiff established subject matter jurisdiction); *see also Chestnut v. Wells Fargo Bank, N.A.*, No. 11 Civ. 5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331 and

§ 1332. In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### b. State Law Claims and Removal of State Court Action

Most of the claims Plaintiff advances – breach of contract, fraudulent misrepresentation, negligence, fraud, perjury, and defamation – are state law claims over which this Court does not have subject matter jurisdiction. Plaintiff's specific allegations that DHS failed to provide funds for transportation or to adequately investigate his allegations of theft do not implicate any federal cause of action. Although Plaintiff alleges that the City's negligence caused him physical and psychological damage, merely negligent conduct causing unintended loss or injury to life, liberty or property is not sufficient to state a claim under the Due Process Clause or any other provision of federal law. *Daniels v. Williams*, 474 U.S. 327, 333 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of [a state] official causing unintended loss of or injury to life, liberty, or property."); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (holding that, although official's lack of due care led to serious injury, Constitution requires no procedure to compensate injury arising from negligence); *Nwaokocha v. Sadowski*, 369 F. Supp. 2d 362, 370 (E.D.N.Y. 2005) ("In *Daniels v. Williams*, 474 U.S. 327, 328 (1986), the United States Supreme Court held that negligence will not suffice to establish a due process violation."). Accordingly, all of Plaintiff's claims against the City of New York regarding alleged mistreatment by DHS are dismissed for failure to state a claim.[2]

Plaintiff's efforts to "have the underlying case removed from state court[] to a Federal Jurisdiction" are misguided. The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

---

[2] Plaintiff's claims are dismissed without prejudice to the pending state court action.

removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a) (emphasis added). This means that a claim may only be removed to federal court if it could have been filed in federal court originally. *Zummo v. Zummo*, No. 11 Civ. 6256, 2012 WL 3113813, at *2 (E.D.N.Y. July 31, 2012). Only the defendant may remove the case. Plaintiff made the original choice of forum and is now bound by that choice. *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) ("No section [of the removal statute] provides for removal by a plaintiff."); *Ludwig v. New York Cent. Mut. Fire Ins. Co.*, No. 07 Civ. 237, 2009 WL 909672, at *2 (W.D.N.Y. Mar. 31, 2009) ("The statutes that provide authority to remove actions to federal court only allow for removal 'by the defendant or defendants.'"); *see generally* 14C Charles Alan Wright, et. al., *Federal Practice and Procedure* § 3730 (4th ed.) ("[P]laintiffs cannot remove . . . .").

### c. False Arrest

Plaintiff also asserts a false arrest claim. The Complaint alleges that on two occasions, Plaintiff's interactions with police officers culminated in him being placed into an ambulance and taken to the hospital "in alternative to arrest." Fourth Amendment claims may be cognizable under 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see Filarsky v. Delia*, 566 U.S. —, —, 132 S.Ct. 1657, 1661–62 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law."). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell*, 13

F.3d at 547; *see Isaacs v. City of New York*, No. 10 Civ. 4177, 2012 WL 314870, at *2 (E.D.N.Y. Feb. 1, 2012).

In light of Plaintiff's *pro se* status, the Court grants him leave to amend the Complaint to name proper individual defendants and to describe the incidents leading to the alleged deprivation of his constitutional rights. Even if Plaintiff does not know the full names of the individuals that he alleges violated his rights, he may designate "John Doe" defendants by providing identifying information, such as physical descriptions, where they are employed, and the role each played in the alleged deprivation of his rights. He must provide the date, time, location, and circumstances of the alleged arrest(s) and any other incidents that he believes violated his rights.

Plaintiff cannot maintain a false arrest claim against the City of New York. A municipality can be liable under § 1983 only if a plaintiff can first show an underlying constitutional violation, *Mendoza v. County of Nassau*, No. 11 Civ. 02487, 2012 WL 4490539, at *7 (E.D.N.Y. Sept. 27, 2012), and then show that a municipal policy or custom caused the violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 132 S. Ct. 1741 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted)). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability [on a municipality], unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985); *see also Meyers v. New York Atty. Gen.*, No. 12 Civ. 04450, 2013 WL 244934, at *5 (E.D.N.Y. Jan. 17, 2013) (quoting *Tuttle*, 471 U.S. at

823). "[L]ocal governments are responsible only for their *own* illegal acts. They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, – U.S. –, 131 S. Ct. 1350, 1359 (2011) (internal citations and quotation marks omitted). In this case, Plaintiff has not alleged a policy or practice attributable to the City that could confer *Monell* liability. Therefore, any potential false arrest claim against the City of New York is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### d. Request for ECF Access

Plaintiff requests access to the Electronic Case Filing (ECF) system. (Docket No. 3.) Plaintiff's request is denied. *Pro se* actions are exempt from the requirement that all filings in civil cases be made by ECF. *See* Administrative Order 2004-08. The Court will mail Plaintiff copies of all decisions made in his case, and, in the event that Plaintiff's case goes forward, the Defendant(s) will be required to serve Plaintiff with copies of all submissions to the Court.

### e. Motion Requests

Plaintiff has filed seven separate motions seeking various relief as discussed above.[3] Plaintiff demands that he be granted a "three judge hearing" (Feb. 21, 2013 Motion, Docket No. 6), that he not be assigned to particular work programs (Feb. 21, 2013 Motion, Docket No. 8), that he not be taken into custody (Feb. 22, 2013 Motion, Docket No. 5), that the City of New York "cease and desist . . . hinting that Mallgren is some sort of terrorist" (Feb. 21, 2013 Motion, Docket No. 9), that the City of New York make certain disclosures (Feb. 21, 2013 Motion, Docket No. 10), and that he be given immediate funds to replace lost property, "for obtaining a reasonable residence" (Feb. 25, 2013 Motion, Docket Nos. 16 & 17), and for lost wages (Feb. 21, 2013 Motion, Docket No. 7). Regarding Plaintiff's request for a three judge panel, Plaintiff

---

[3] Plaintiff also filed a motion to amend one of his motions, and filed the amended motion as a separate motion. *See supra* note 1.

should note that only at the appellate level of review will his case be heard by a three-judge panel. Plaintiff's motions are all denied. To the extent any of the allegations and requested relief pertain to Plaintiff's false arrest claim, Plaintiff should include the allegations and requested relief in his Amended Complaint.

### III. Conclusion

For the reasons stated above, Plaintiff's claims against the City of New York regarding alleged mistreatment by DHS and any potential false arrest claim against the City of New York are dismissed and Plaintiff's motions are denied. Plaintiff is directed to file an amended complaint regarding his false arrest claims against the individuals he alleges violated his rights. The amended complaint must be filed within 30 days of the date of this Order, or the Complaint shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is advised that any amended complaint he files will completely replace the original Complaint. The amended complaint must be captioned, "Amended Complaint" and shall bear the same docket number as this Order.

Once submitted, the Amended Complaint shall be reviewed for compliance with this Order and for sufficiency under Rule 8 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B). No summons shall issue at this time and all further proceedings shall be stayed until Plaintiff has complied with this Order. If Plaintiff fails to file an amended complaint within 30 days, the instant action shall be dismissed. The Court certifies pursuant to 28 U.S.C.

§ 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/S/ Judge Margo K. Brodie
MARGO K. BRODIE
United States District Judge

Dated: Brooklyn, New York
March 4, 2013